Maurice W. McCann
(Yates County Judge and Acting Judge for Monroe County). The defendant-petitioner seeks, by means of a writ of error coram nobis, to have set aside his conviction *816 and sentence to Elmira Reformatory on June 18, 1945, for the crimes of robbery in the first degree and grand larceny in the second degree. He claims that he has been deprived of due process of law because:
(1) He was deprived of his right to counsel at his arraignment ; and
(2) The court’s sentence was ambiguous and incomplete.
Consideration will first be given to the question as to whether or not the sentence was ambiguous and incomplete.
The court, in sentencing the defendant, stated, in part: “ It is the sentence of the Court that yon be confined in the State Reformatory at Elmira, New York until released under the laws and rules governing that institution. ’ ’
This court is faced with the seemingly impossible task of determining which crime the sentencing judge had in mind at the time of sentencing. We cannot now inquire of him as he has since passed on to his heavenly reward. I have been unable to find any reported case on a situation similar to the one now before us.
Subdivision 4 of section 2190 of the Penal Law of our State provides that a separate sentence may be imposed for each distinct offense. This was not done in the instant case. To add further complication to our troubled mind, we find that a considerable change in the reading and effect of section 288 of the Correction Law was to take place just 12 days after this sentencing took place. At the time of sentence section 288 (as added by L. 1931, ch. 455), in part, read briefly as follows: “ shall not exceed the maximum term provided by law for the crime for which the prisoner was convicted and sentenced ” (at that time robbery in the first degree — not less than 10 nor more than 30 years; and grand larceny in the first degree — not more than 10 years). Effective July 1, 1945, the same portion of section 288 read as follows: “ The term of such imprisonment of any person so convicted and sentenced shall be terminated by the board of parole * * * such imprisonment shall be for a period not to exceed five years ” (as amd. by L. 1945, ch. 678). It is reasonable to expect that the sentencing judge might well have had a copy of this new law before him at the time of sentencing (with its effective date a few days away).
This court is of the firm belief that the confusion existing here needs clarification, and that in fairness and justice the defendant-petitioner’s motion for his return for resentence should be and is granted.
Submit order in accordance with this decision.